```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


DUANE SPENCE,                   :    NO.  1:07-CV-00526
                                :
        Plaintiff,              :
                                :    OPINION AND ORDER
    v.                          :
                                :
JOHN E. POTTER, Postmaster      :
General of the United States    :
Postal Service, et al.          :
                                :
        Defendants.             :
```

This matter is before the Court on Defendant Potter's Motion for Summary Judgment (doc. 34), Plaintiff's Response in Opposition (doc. 35), and Defendant's Reply in Support (doc. 40). For the reasons indicated herein, the Court GRANTS Defendant's motion.

**I. Background**

In this disability and age discrimination case, Plaintiff Duane Spence, a sixty-three-year-old former postal worker, brought claims against Defendants John Potter, Postmaster General, and the United States of America (collectively "Defendants"), alleging he was forced to quit his job because of age and disability discrimination and retaliation (doc. 21). Based on the events giving rise to these claims, Spence also brought claims for intentional infliction of emotional distress and negligent supervision (Id.). In its February 3, 2010 Opinion and Order, the Court granted in part and denied in part Defendants' motion for

summary judgment, leaving only the retaliation claim alive (doc. 24).  The Court found both that Plaintiff's Rehabilitation Act retaliation claim was not procedurally barred and that Plaintiff succeeded in defeating summary judgment as to his claim that Defendant retaliated against him for seeking Equal Employment Opportunity counseling on May 9, 2005, when the light-duty manager informed Plaintiff that it was known that he consulted with the EEO counselor, that Plaintiff was considered a problem employee, and that in order to succeed he should keep a low profile and when a pre-disciplinary meeting was scheduled (Id.).  The Court held a status conference on the remaining claim and, based on that conference, found that it would be appropriate to allow Defendant to submit a second motion for summary judgment as to that claim (doc. 33).  That motion is now ripe for the Court's consideration. The facts of the case are well-detailed in that February 2010 Opinion, and the Court will only reiterate them here as needed.

**II.  Law & Discussion**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962);

2

LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

3

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment."  Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).  Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994).  Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits.  Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of his claims or defenses, "the

4

designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Discussion**

In relevant part, in Count I of Plaintiff's Complaint, he claims that he was "discriminated against, harassed and retaliated

5

against on account of his disability" in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-96 (doc. 1).

The Rehabilitation Act prohibits an employer from retaliating against an employee for engaging in a statutorily protected activity. <u>Gribcheck v. Runyon</u>, 245 F.3d 547, 550 (6th Cir. 2001). A plaintiff "need not show that she is under a 'disability' to maintain a claim under the Rehabilitation Act based on the theory that her employer retaliated against her because she engaged in legally protected activities." <u>Ferrero v. Henderson</u>, 341 F.Supp.2d 873, 887 (S.D. Ohio 2004) (citing <u>Davis v. Flexman</u>, 109 F.Supp.2d 776, 801-02 (S.D. Ohio 1999) and <u>Barrett v. Lucent Technologies, Inc.</u>, 36 F.Appx. 835, 840 (6th Cir. 2002)). Plaintiff relies on circumstantial, rather than direct, evidence of retaliation; therefore, the <u>McDonnell Douglas</u> framework applies. <u>Gribcheck</u>, 245 F.3d at 550 (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Texas Dep't of Cmty Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981)).

A <u>prima facie</u> case of retaliation has four elements: 1) the plaintiff engaged in legally protected activity; 2) the defendant knew about the plaintiff's exercise of this right; 3) the defendant then took an employment action adverse to the plaintiff; and 4) the protected activity and the adverse employment action are causally connected. <u>Wrenn v. Gould</u>, 808 F.2d 493, 500 (6th Cir. 1987).

Plaintiff contends that the legally protected activity in

6

which he engaged and for which Defendants retaliated against him was a May 9, 2005, visit with an EEO counselor at the Post Office, whom he consulted for informal counseling (doc. 21). He further contends that on June 16, 2005, the coordinator of limited and light duty work (Hohenstatt) told Plaintiff he knew that Plaintiff had gone to the EEO office, that Plaintiff was considered a problem employee, and that Plaintiff should keep a low profile (Id.).

As Defendant did in its first motion for summary judgment, it argues that any retaliation claim is barred because Plaintiff failed to exhaust his administrative remedies and that the Hohenstatt conversation was not, in fact, adverse or retaliatory and, as a result, Plaintiff has failed to establish that a genuine issue of fact exists regarding his retaliation claim (doc. 34).

The Court will not revisit its earlier ruling that Plaintiff's claim is not procedurally barred for failure to exhaust (doc. 24). However, the Court is persuaded that Plaintiff has failed to adduce evidence establishing that he suffered a materially adverse employment action with Hohenstatt's comments and the scheduling of a pre-disciplinary hearing that never happened.

In its earlier Opinion, the Court relied on Burlington Northern to find retaliation, reasoning that Hohenstatt's comments and the scheduling of a pre-disciplinary hearing could "have dissuaded a reasonable worker from making or supporting a charge of discrimination" (doc. 24, citing Burlington Northern and Santa Fe

7

Ry. Co. v. White, 548 U.S. 53, 68 (2006). However, the Court is persuaded that under the post-Burlington Northern standards established by the Sixth Circuit, Plaintiff's retaliation claim cannot survive summary judgment. Specifically, the Court found that the Hohenstatt comments and the scheduling of the pre-disciplinary hearing could have dissuaded a reasonable worker from making or supporting a charge of discrimination and, thus, they were evidence of the harm Plaintiff suffered (doc. 24, citing Burlington Northern). However, a review of the post-Burlington Northern case law shows that the Court imbued the Hohenstatt comments and the scheduling of the pre-disciplinary hearing with a level of harm they do not deserve.

On the finding-of-harm end of the spectrum, in Michael v. Caterpillar Financial Servs. Corp., 496 F.3d 584, 596 (6th Cir. 2007), the court found that the brief placement of an employee on paid administrative leave and the establishment of a performance plan for her could meet the "relatively low bar" established by Burlington Northern. In Wharton v. Gorman-Rupp Co., 309 Fed.Appx. 990, 997-98 (6th Cir. 2009), the court found a threatening confrontation with a superior in a parking lot to be a materially adverse employment action. And, in Halfacre v. Home Depot, USA, Inc., 221 Fed.Appx. 424, 425 (6th Cir. 2007), the court found that low employee performance evaluation scores could constitute an adverse employment action if they actually impacted the employee's wages and professional advancement.

8

However, on the no-harm-found end, in <u>James v. Metropolitan Gov't of Nashville</u>, 243 Fed .Appx. 74, 79 (6th Cir. 2007), cert. denied, 552 U.S. 1140, 128 S.Ct. 1066, 169 L.Ed.2d 807 (2008), the court found that an employee who had received bad employment evaluations, had been denied a lateral transfer, and had had work quotas imposed upon her, had not suffered an adverse employment action because none of these had significantly impacted her professional advancement. <u>See</u> <u>also</u> <u>Vaughn v. Louisville Water Co.</u>, 302 Fed.Appx. 337, 348 (6th Cir. 2008) (although negative performance evaluations could be materially adverse actions, an employee must show that his salary or professional advancement was affected). In <u>Hunter v. Secretary of U.S. Army</u>, 565 F.3d 986, 996-97 (6th Cir. 2009), the court found transfer to a different work unit not to be an adverse employment action where the plaintiff did not allege that it had "resulted in significantly different responsibilities, a change in benefits, or any other negative effect ."

The complained-of action here lies more clearly on the no-harm end of the spectrum. To be actionable, the harm must be materially adverse. <u>Burlington Northern</u>, 548 U.S. at 68. If transfer to a different work unit, negative evaluations, the imposition of work quotas and the denial of a lateral transfer do not constitute materially adverse employment actions, the isolated comments of someone who was not Plaintiff's direct supervisor and the scheduling of a pre-disciplinary hearing that never occurred,

9

cannot reasonably be seen to be materially adverse actions.

Having failed to establish that he suffered a materially adverse employment action, Plaintiff's retaliation claim cannot survive summary judgment.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment (doc. 34) and dismisses this case from its docket.

SO ORDERED.
Dated: January 26, 2011          /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge